**161]** *HAMLIN'S LESSEE v. WM. BEVANS.

A decree for alimony, charged upon real estate, where the petition for divorce is in general terms, binds the estate only from its rendition, and must be postponed to judgments rendered while the petition for divorce was pending.

THIS cause was reserved in the county of Knox, and came before the court in bank on a motion, by the defendant, for a new trial.

The lessor of the plaintiff claimed title under Hannah Hollister, whose title was derived under a decree of the Supreme Court divorcing her from her husband, and assigning her the land in dispute for alimony. The defendant claimed under a sale on executions, upon judgments against the husband, Hollister. The facts were as follows:

On May 8, 1828, the petition for a divorce was filed and process issued, which was served on Hollister, June 10, 1828. The petition was in general terms, describing no lands, and containing no specific prayer for alimony. The decree of divorce and assignment of alimony was pronounced in September, 1829.

The title under which the defendant claimed is derived thus: At June term of the court of common pleas, 1828, and after the service of the process in the divorce case, a judgment was rendered, at law, against Hollister, for the payment of money, in a suit pending, before filing the petition for the divorce. At June term, 1829, a decree for the payment of money was rendered against Hollister in the common pleas. This suit, too, was commenced before the petition for divorce was filed. Executions were issued upon this judgment and this decree, and subsequently to the decree for alimony, was levied upon the land. A sale and conveyance was made by the sheriff.

The plaintiff having presented his title under the decree for

alimony, the defendant produced the record book to show the record of the deed from the sheriff, neither producing the original or other copy. The plaintiff objected, but the court admitted the record book. The plaintiff further objected that the deed was insufficient in not describing the character of the action in which the judgment was rendered, on which the execution issued. This objection was also overruled. The defendant having proved the confirmation of the sale by the sheriff, offered in evidence the judgments upon which the sales had been effected. They were objected to as not corresponding with the recitals in the deed, except the one rendered in June, 1828. This objection was also overruled, *and the court directed the jury to find a verdict for [162 the plaintiff, and they found accordingly.

The defendants moved for a new trial on the ground that the court erred in directing the jury to find for the plaintiff.

BROWN and DELANO, in support of the motion, argued that the commencement of the suit for divorce attached to the petition no interest in the property of the defendant. Though a *lis pendens*, it did not affect the right of the defendant to sell, or of strangers to purchase his property. Consequently, that a judgment duly rendered, before a decree for alimony was pronounced, attached as a lien upon real estate, and obtained a preference. They cited Murray & Winter *v.* Ballow and others, 1 Johns. Ch. 566; Green *v.* Slayter, 4 Ib. 38.

GODDARD, CONVERSE, and HALL, for the plaintiff:
A new trial ought not to be granted, because:
1. The court erred in admitting the recorder's book as evidence of the deed. The statute makes a copy, certified in a particular manner, evidence. A law so liable to abuse should never be extended beyond its letter. If a party, with the original deed in his pocket, will, for reasons best known to himself, withhold it, and rely upon testimony of an inferior degree, because the statute (unwisely) permits it, let him bring himself exactly within the terms of the law, whose aid he invokes. It is no answer to say that there is as much *reason* for admitting the record, as a copy of the record; there is no *reason* for admitting either until the nonproduction of the original is accounted for. We are thrown beyond the empire of reason into the regions of strict law.

2. It appears to us that the objections taken to the judgments offered should have been sustained, as also those to the deed itself, in omitting to set forth the kind of action, etc. As these, however, are mere questions of practice, which have, probably, been determined by the court upon the circuit in other cases, we will trouble the court with no remarks of ours.

3. The substantial question in the cause is, whether the title acquired by the decree of divorce is superior to that acquired by the purchaser under the judgments. We understood the counsel for **163]** the defendant, on the trial in the county, *to rely mainly upon a principle allowed by him to exist, namely, that the doctrine of *lis pendens* could only be urged in a court of law. The contrary is, however, directly asserted in Burnet's Lessee *v.* Williams, 5 Ohio, 461.

It is conceded that if the petition for divorce had contained a description of the land and a prayer for alimony, the wife's title by the decree would have overreached a conveyance by the husband pending the petition—because the purchaser would then be chargeable with notice of the petition and its objects. But he is as much chargeable with that notice in this case, because of the universal practice to decree alimony to the wife upon a petition like the present. Not only is this the ordinary, it is the universal result of success on the part of the wife. If a divorce be granted on the prayer of the wife, alimony *always* follows, if the husband have property. Alimony out of the husband's estate being, then, one of the necessary consequences of a successful termination of the suit, a purchaser chargeable with constructive notice of the pendency of the suit is chargeable with the same notice of its necessary consequences.

But we are not contending with a *purchaser pendente lite.* The defendant is a purchaser subsequent to the acquisition of our title, and claiming only that the judgments under which he claims were rendered before the decree. There is, in our opinion, a vast difference between the two cases, the rights of him claiming a mere lien being far inferior to those of one claiming to be a *bona fide* purchaser, upon sufficient declaration. Our meaning may be illustrated by a familiar principle. The assignee of a promissory note, who takes it as a *purchaser* in the regular course of business, may recover of the maker, though there were no consideration for the note. But he who takes the same note merely as *security* for

a pre-existing debt, stands in no such favored situation.   See Bay *v.* Codrington, 5 Johns. Ch. 54, and other cases.

Again, what is the lien of a judgment?   A mere creation of the statute, which may be given or taken away at pleasure by the legislature.   The same legislative authorities authorize the transfer of the title to land from the husband to the wife.   The decree in this case was a conveyance, and in the form of a conveyance. No execution had been issued upon the judgments, no levy made, no appropriation of this particular land to the payment of the creditor.   What is there inconsistent *with sound principles [**164** in holding that the wife's lien carried out and effectuated by the conveyance authorized by one act of the legislature, is superior to the inchoate claim of the creditor authorized by another act of the legislature?

Judge COLLETT delivered the opinion of the court:

The main, principal question to be decided is, are the decree and judgment obtained against Hollister, pending the petition for divorce, preferable liens over the decree for alimony?   Where the object of a suit, in law or in equity, is to recover specifically a described piece of real estate, the pendency of the suit is held to be notice to all the world of the claim, and a final judgment or decree in his favor overreaches intermediate purchases, that is, purchases made pending the suit.   5 Ohio, 462; 1 Johns. Ch. 566.   So, if the suit be against a trustee, to affect his title to land as trustee, and a final decree be rendered to that effect, the land is bound from the service of process.   We know of no cases going further than these.

This bill alleges no claim to any specific tract of land, nor does it ask alimony to be decreed by way of annuity upon the real estate of the husband, in general terms.   The court make such decrees without specific prayers in the bill, charging the rents and profits of land with alimony.   But no reason is perceived why such charge should operate as a lien, until the decree is pronounced fastening it upon a particular property.

The statute laws of the state give to judgments and decrees, for the payment of money, liens on real estate, according to established priorities.   This is but a decree for the payment of money, and its priority must stand upon the general law.   It is subsequent in date to one judgment and to a decree, upon which

159

the sale on legal process was effected. The preference is with those, consequently the defendant has the better title.

The exceptions to the documents offered by the defendant in evidence, and received by the court, are very imperfectly stated. They are technical in character, and may not, on another trial, touch the true merits. As the court erred on the principal question, we grant a new trial, the cost to abide the event of the suit.